UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

Shelton BEAMAN,
                           Petitioner,

  - against –

Bruce YELICH, et al.,
                           Respondents.
------------------------------------------------------------X

5-6-14

12 Civ. 5304 (ALC)(SN)

**ORDER OF DISMISSAL**

ANDREW L. CARTER, JR., District Judge:

      By Order dated January 17, 2014, the Court scheduled a status conference in this case for February 19, 2014, at which Petitioner failed to appear. The Court adjourned the conference after learning Petitioner had been released from custody and may not have received the Court's prior Order. Petitioner failed to appear, for a second time, at the March 6, 2014 status conference. The Court issued an Order to Show Cause on March 10, 2014, directing the Petitioner to respond in writing by April 9, 2014 and appear before the Court on May 6, 2014. The Order specifically warned Petitioner that failure to comply with its directives would result in a dismissal of the Petition. Petitioner neither filed a written submission nor appeared in the courtroom on the return date. For the reasons set forth on the record at the May 6, 2014 hearing, this case is dismissed for failure to prosecute and the June 21, 2013 Report and Recommendation ("R&R") of Magistrate Judge Netburn in adopted in full.

      Pursuant to Fed. R. Civ. P. 41(b),[1] a "dismissal for failure to prosecute an action is a matter committed to the sound discretion of the district court." Jenkins v. City of N.Y., 176

---

[1] In addition to Rule 41(b), the Supreme Court has recognized that district courts have inherent power to dismiss cases for failure to prosecute. See Link v. Wabash R.R. Co., 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted.").

1

COPIES MAILED

F.R.D. 127, 129-30 (S.D.N.Y. 1997) (citing Colon v. Mack, 56 F.3d 5, 7 (2d Cir. 1995)). When considering whether to dismiss an action for failure to prosecute, courts should consider the following factors: "(1) the duration of plaintiff's failures, (2) whether plaintiff had adequate notice that further delays would result in dismissal, (3) prejudice to defendants in furthering the delay, (4) a balance between alleviating court congestion and protecting plaintiff's right to due process and an opportunity to be heard, and (5) the efficacy of lesser sanctions." Wallace v. County of Suffolk, No. CV08–4902 (JS)(WDW), 2010 WL 2301280, at *1 (E.D.N.Y. Apr. 14, 2010) (citing Jackson v. City of N.Y., 22 F.3d 71, 74 (2d Cir. 1994)). The Second Circuit has cautioned, however, "dismissal is 'a harsh remedy to be utilized only in extreme situations.'" Alvarez v. Simmons Market Research Bureau, Inc., 839 F.2d 930, 932 (2d Cir. 1988).

Where the dismissal is with prejudice, "it should be used only in 'extreme situations,' and even then only upon a finding 'of willfulness, bad faith, or reasonably serious fault[.]'" Mitchell v. Lyons Prof'l Servs., Inc., 708 F.3d 463, 467 (2d Cir. 2013) (internal citations omitted). Indeed, the dismissal "must be supported by clear evidence of misconduct." Id.

Here, all five factors weigh in favor of dismissing this case. Petitioner has not participated in this case since October of 2013 and has not communicated with the Court or Respondents' counsel. Two status conferences were adjourned to ensure he had adequate notice of court proceedings. Respondents' counsel was routinely directed to serve the Court's Orders on Petitioner and file affidavits of service with the Court. Further, an Order to Show Cause was issued, explicitly stating that if Petitioner failed to respond, the Petition would be dismissed. The Petitioner did not request any extensions of time or notify the Court that he would be unable to attend the scheduled conferences. There is no doubt Petitioner is at fault for the failure to prosecute this case, and his failure to respond to the Court's Orders for several months warrants

dismissal. See, e.g., Nolan v. Primagency, Inc., 344 Fed. App'x 693, 694 (2d Cir. 2009) (affirming the district court's dismissal with prejudice under Rule 41(b) after a six-month delay in prosecuting the case); Brow v. City of N.Y., 391 Fed. App'x 935, 936 (2d Cir. 2010) (holding a six-month delay supported dismissal with prejudice).

Moreover, Respondents will be prejudiced by further delay and motion practice where they have diligently complied with all deadlines in opposing the Petition,[2] and the Court's docket becomes further congested when it repeatedly schedules conferences where nothing meaningful can be accomplished because Petitioner failed to attend. See Antonio v. Beckford, No. 05-CV-2225 (KMK), 2006 WL 2819598, at *4 (S.D.N.Y. Sept. 29, 2006) ("The efficient administration of justice requires that a court effectively manage its docket, guaranteeing that its cases progress with appropriate speed. . . . [I]t would be unfair to the numerous other litigants awaiting the Court's attention to permit this suit to remain on the Court's docket").

Lastly, the Court has considered a lesser sanction, but where Petitioner simply ignores the Orders of the Court, and the Court and counsel have no way of communicating with him, any other sanction would be ineffective. See, e.g., Wallace, 2010 WL 2301280, at *1 (observing that where the plaintiff ignores the court's orders, "there [is no] lesser sanction that would address the problem"); Jenkins, 176 F.R.D. at 130 ("Because the Court and counsel have no means to find Plaintiff, the imposition of additional lesser sanctions would have no effect."); Vanterpool v. Blackman, No. 12–CV–2961 (MKB), 2013 WL 5973874, at *4 (E.D.N.Y. Nov. 5, 2013) ("There is no reason to believe that a lesser sanction would be effective in this case, where substantially all communications to Plaintiff from the Court . . . have been ignored by Plaintiff.").

---

[2] The Court also notes that Respondents would be prejudiced by a dismissal without prejudice in this case considering the thorough R&R issued by Magistrate Judge Netburn on the merits of Petitioner's claims.

3

While the Court is mindful that Petitioner is proceeding pro se, "even pro se litigants must prosecute claims diligently, and dismissal with prejudice is warranted where the Court gives warning." Jacobs v. County of Westchester, No. 99–CV–4976, 2008 WL 199469, at *4 (S.D.N.Y. Jan. 22, 2008). Accordingly, the Petition is DISMISSED WITH PREJUDICE for failure to prosecute pursuant to Rule 41(b) and the inherent powers of the Court.

In addition, the Court has reviewed the R&R of Magistrate Judge Netburn as well as the objections filed by Petitioner on July 9, 2013. A district court must conduct a de novo review of those portions of the report or specified proposed findings or recommendations to which timely objections are made. 28 U.S.C. § 636(b)(1)(C); see also Fed. R. Civ. P. 72(b)(3); Ennis v. Artus, No. 09 Civ. 10157 (DAB), 2012 WL 3957046, at *1 (S.D.N.Y. Sept. 10, 2012). After a de novo review, the Court finds the Petitioner's objections are without merit and ADOPTS Magistrate Judge Netburn's June 21, 2013 R&R, recommending habeas corpus relief be denied and dismissal of the Petition, in its entirety.

The Clerk of Court is respectfully directed to close this case from the Court's docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied. See Coppedge v. United States, 369 U.S. 438 (1962).

SO ORDERED.

Dated:   New York, New York
         May  6  , 2014

_____
ANDREW L. CARTER, JR.
United States District Judge